■ In the Matter of GLORIA BLAS, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated September 28, 1978, and made after a statutory fair hearing, which affirmed a determination of the local agency reducing petitioner's grant of aid for dependent children and denying her an allowance for occupational training under 18 NYCRR 352.7 (e) (1). Determination annulled, on the law, petition granted, without costs or disbursements, the respondents are directed to repay to petitioner all moneys withheld from her grant of public assistance pursuant to the determination annulled herein and the matter is remitted to the respondents for further proceedings consistent herewith with respect to petitioner's allowance under 18 NYCRR 352.7 (e) (1). Pivotal in this proceeding, and the sole issue of substantial evidence presented for our review, is the determination by the respondent State commissioner of the amount of petitioner's expenses for books and supplies for the academic year 1977-1978. The State commissioner's determination is based upon a detailed typewritten itemization of the cost of the numerous books and supplies concededly necessary for petitioner's course of study submitted in evidence by her at the fair hearing and as an exhibit in the instant proceeding. Petitioner contends that this account pertains solely to the academic year in question, while respondents maintain that the exhibit summarizes expenses for a two-year academic program. Viewing the hearing record as a whole, we find no substantial evidentiary support for the respondents' contention that the exhibit covers expenses for two academic years. Furthermore, given the fact that the exhibit in question represents the only evidence adduced at the hearing of petitioner's actual expenses for books and supplies for the 1977-1978 school year, and assuming (as respondents must have) the credibility of petitioner's account, the only rational view of this record is that the expenses in question for 1977-1978 amounted to $918.60, and not $646.65 as the State commissioner inexplicably found. When $918.60 is substituted as the expense figure for books and supplies, petitioner's total essential school expenses, as found by the State commissioner, amount to $3,055.60, exceeding petitioner's undisputed scholarships and grants of $2,844. Thus, the respondents erred in reducing petitioner's grant of aid for dependent children and must be directed to repay to petitioner all moneys withheld from her grant pursuant to the determination under review. Additionally, petitioner correctly points out that she qualifies for an occupational training allowance under 18 NYCRR 352.7 (e) (1). Since petitioner has indicated that her need for such allowance arises from expenses for child care, which 18 NYCRR 352.7 (e) (1) permits only as a "purchase of service", we remand the matter to the respondents for further proceedings with respect to the allowance. O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.